IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRENT TYLER TREPANIA,

                    Plaintiff,

    v.

                                            OPINION and ORDER

JOSEPH SAJDERA, JODY KOLLMORGAN,
DELANEY BLACK, MICHELLE BRIGGS,                   20-cv-854-jdp
ROBIN NELSON, MICHAEL WOLLER,
and JOSHUA THOMPSON,

                    Defendants.[1]

---

Pro se plaintiff Trent Trepania contends that he was mistreated while he was detained in the Sawyer County jail. After screening his complaint, I gave him leave to proceed on constitutional claims based on his allegations that defendants denied his request for medication to prevent seizures and placed him in a holding cell for one week with no running water or toilet. Dkt. 9. I noted that it was unclear whether these claims arose under the Eighth or Fourteenth Amendment to the United States Constitution, as it was unclear whether Trepania was a pretrial detainee or a prisoner at the time. Dkt. 9. I also gave him leave to proceed on claims under the First Amendment based on his allegation that defendants placed him in a restraint chair in retaliation for his medication request.

Trepania has filed several motions, which I will address in turn.

A.  **Proposed amended complaints**

Trepania has filed three proposed amended complaints. Trepania filed his first proposed amended complaint, Dkt. 14, before his initial complaint was served on defendants. This

---

[1] I have updated the caption to reflected defendants' correct names as indicated in Dkt. 32.

document contains no factual allegations and does not assert any new claims. Rather, it is more in the nature of a summary judgment brief, as Trepania attaches several exhibits to it and explains why he believes that these exhibits show that he is entitled to relief. Trepania's third proposed amended complaint, Dkt. 25, is a slightly edited version of his first proposed amended complaint. I understand him to intend this document to replace his first proposed amended complaint, so I will deny his first motion to amend his complaint as moot. Like his first proposed amended complaint, this one also contains no factual allegations and asserts no new claims. Trepania's third proposed amendment would be futile, as it does not state any new claims or add any new factual allegations. So I will deny his third motion to amend his complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (court may deny leave to amend if amendment would be futile).

After filing his first proposed amended complaint, Trepania filed a second proposed amended complaint, Dkt. 18, before defendants had answered his initial complaint. This document contains new factual allegations and asserts new claims, so I will grant Trepania's second motion to amend his complaint.

I must now screen Trepania's second proposed amended complaint under 28 U.S.C. §§ 1915 and 1915A under the standards I described in my previous order, Dkt. 9. The only new material factual allegations in this complaint are: (1) defendant Joshua Thompson strapped Trepania into a restraint chair so tightly that it cut off circulation to his shoulders, waist, and legs, causing him pain; and (2) Trepania complained that the straps were painfully tight. Trepania's allegation that Thompson knowingly caused Trepania pain by using unnecessarily tight restraints states a claim under either the Eighth or Fourteenth Amendment, so I will give Trepania leave to proceed on such a claim against Thompson. As with Trepania's

claims regarding his seizure medication and his conditions of confinement, I will determine which constitutional standard applies to this claim later in this lawsuit.

Trepania repeats his contention from his initial complaint that defendants discriminated against him. I denied him leave to proceed on claims under the Fourteenth Amendment's Equal Protection Clause in my previous order because he did not allege that he was denied equal treatment because he was a member of an "identifiable group" and because his allegations did not support a "class-of-one" equal protection claim. Dkt. 9, at 6–7. In his amended complaint, he says that defendants "discriminated against him because of past behavior, race/ethnicity . . . , substance abuse history, and assertive manner." Dkt. 18, at 11. The only "identifiable group" Trepania identifies is his race and ethnicity.[2] Nothing in Trepania's complaint suggests that defendants discriminated against him because of his race or ethnicity, and I am not required to take his "mere conclusory statement[]" that defendants did so as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, as before, Trepania's amended complaint doesn't state a class-of-one claim because he doesn't allege that he was treated differently from any other similarly situated inmates. So he may not proceed on any discrimination claims.

Trepania also seeks to bring claims under Wisconsin law for intentional infliction of emotional distress and negligence. An intentional infliction of emotional distress claim has four elements: (1) the defendant intended his or her conduct to cause emotional distress; (2) the defendant's conduct was "extreme and outrageous"; (3) the conduct caused the plaintiff's

---

[2] Trepania doesn't state his race or ethnicity in his amended complaint, but I take notice that he says in another case that he is a member of a Native American tribe. *Trepania v. Sawyer County*, No. 21-cv-3-jdp, Dkt. 10, at 7 (W.D. Wis. Feb. 16, 2021).

emotional distress; and (4) the plaintiff experienced "an extreme disabling emotional response to the defendant's conduct." *Rabideau v. City of Racine*, 2001 WI 57, ¶ 33, 243 Wis. 2d 486, 627 N.W.2d 795. Trepania alleges that Sajdera, Kollmorgan, Black, Briggs, Nelson, and Thompson placed him in a restraint chair in retaliation for his request for seizure medication, during which he suffered two seizures, severe pain, and humiliation. And he alleges that Woller placed him into a holding cell for a week with no running water and no toilet, during which he "suffered greatly," including suffering severe alcohol and barbiturate withdrawal symptoms. I will assume at screening that defendants' conduct was extreme and outrageous, and I will likewise assume that Trepania's humiliation and suffering were extreme and disabling emotional responses. Trepania may proceed on claims against all defendants for intentional infliction of emotional distress.

As for negligence, a negligence claim requires that the defendants: (1) breached (2) a duty they owed to Trepania (3) that resulted in (4) injury or damage to him. *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. For the same reasons that Trepania stated constitutional claims against all defendants, *see* Dkt. 9, at 4, he has stated negligence claims against them. He may proceed on those negligence claims.

Between this order and my prior screening order, I have given Trepania leave to proceed on the following claims:

- Constitutional claims against Sajdera, Kollmorgan, Black, Briggs, Nelson, and Thompson for denying Trepania's medication request. Dkt. 9, at 4.

- A constitutional claim against Woller for placing Trepania in the holding cell. *Id.*

- A constitutional claim against Thompson for using unnecessarily tight restraints.

4

- First Amendment retaliation claims against Sajdera, Kollmorgan, Black, Briggs, Nelson, and Thompson for placing Trepania in a restraint chair after he requested medication. *Id.*, at 7.

- State-law claims for intentional infliction of emotional distress and negligence against Sajdera, Kollmorgan, Black, Briggs, Nelson, and Thompson for denying Trepania's medication request.

- State-law claim for intentional infliction of emotional distress and negligence against Woller for placing Trepania in the holding cell.

## B. Miscellaneous motions

Trepania moves to strike several affirmative defenses asserted by all defendants but Nelson in their answer.[3] Dkt. 26. In essence, Trepania argues that I should strike these affirmative defenses because he will succeed on the merits of his claims. But it's premature to decide these questions based on the pleadings, before the parties have submitted evidence and developed the record. So I will deny Trepania's motion. If Trepania believes that the undisputed facts show that he is entitled to judgment in his favor, he may move for summary judgment after the parties have had the opportunity to conduct discovery and submit evidence. Magistrate Judge Stephen Crocker will explain those processes to Trepania during the June 10 pretrial conference.

Trepania renews his motion for preliminary injunctive relief. Dkt. 29. But he says in a subsequent filing that he wishes to withdraw this motion. Dkt. 38, at 2. So I will deny the motion. He also asks me to "expunge the record of [his] previous attempts for injunctive relief." *Id.* Court dockets are public records, and I will not remove filings from the docket without a good reason. Trepania doesn't explain why he believes his motions should be removed from the docket, so I will not do so.

---

[3] Nelson is a nurse who is represented by separate counsel and filed a separate answer. Dkt. 44.

Trepania moves for assistance in recruiting counsel. Dkt. 37. He says that he is inexperienced with litigation and that he suffers from mental disabilities that will prevent him from effectively litigating this case. A party requesting such assistance must show three things: (1) he cannot afford to hire a lawyer, 28 U.S.C. § 1915(e)(1); (2) he has made reasonable efforts on his own to find a lawyer to represent him, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc).

Trepania has been granted leave to proceed in forma pauperis, so he has satisfied the first requirement. And he says that he has contacted three firms for assistance and has been denied, so he satisfies the second requirement. But he doesn't currently meet the third requirement, because it is too early to determine whether this case will be too complex for him to handle without counsel. This court generally defers decisions regarding recruitment of counsel at least until the deadline has passed for defendants to file a motion for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies. Because defendants have the burden to show that Trepania didn't properly complete the exhaustion process, and because issues about exhaustion are usually simpler than a case's merits, counsel is usually unnecessary at this stage. Trepania's filings to date show that he should be able to handle any issues related to exhaustion, so I will decline to recruit counsel for him at this time.

Finally, Trepania has filed what he calls a motion for discovery. Dkt. 38. In this motion, he asks defendants to produce documents and video footage related to his claims. But discovery requests should be served directly on defendants, not with the court. Magistrate Judge Crocker will explain the discovery process to Trepania during the June 10 pretrial conference, after which Trepania may serve his discovery requests on defendants in accordance with the Federal

Rules of Civil Procedure and Magistrate Judge Crocker's instructions. I will deny this motion as well.

ORDER

IT IS ORDERED that:

1. Plaintiff Trent Tyler Trepania's second motion to amend his complaint, Dkt. 18, is GRANTED. Trepania's first motion to amend his complaint, Dkt. 14, is DENIED as moot. Trepania's third motion to amend his complaint, Dkt. 25, is DENIED as futile.

2. Trepania is GRANTED leave to proceed on a constitutional claim against defendant Joshua Thompson as described in this order.

3. Trepania is GRANTED leave to proceed on Wisconsin state-law claims for intentional infliction of emotional distress and negligence against defendants Joseph Sajdera, Jody Kollmorgan, Delaney Black, Michelle Briggs, Robin Nelson, Michael Woller, and Thompson.

4. Trepania's motion to strike, Dkt. 26; his motion for preliminary injunctive relief, Dkt. 29; his motion for assistance in recruiting counsel, Dkt. 37; and his motion for discovery, Dkt. 38; are DENIED.

Entered June 2, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge