IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRENT TYLER TREPANIA,

                              Plaintiff,

          v.                                              OPINION and ORDER

ROBIN NELSON, LT. JOSEPH SAJDERA,                         20-cv-854-jdp
JOSHUA THOMPSON, and MICHAEL WOLLER,

                              Defendants.

---

Pro se plaintiff and prisoner Trent Tyler Trepania is proceeding on constitutional and state-law claims relating to alleged mistreatment he received at Sawyer County Jail in March 2019. He alleges that prison officials refused his requests for medication, placed him into a restraint chair, and then placed him in a holding cell without running water. The county jail defendants (Joseph Sajdera, Joshua Thompson, and Michael Woller) have filed a motion for summary judgment based on Trepania's failure to exhaust his administrative remedies. Dkt. 72. Defendant Robin Nelson, who is represented separately, also moves for summary judgment on exhaustion grounds. Dkt. 67.

I will grant the motions in part. Trepania did not exhaust his remedies for his claim related to the denial of medication, because Trepania did not appeal the response to his grievance about that issue. But the record shows that Trepania exhausted his remedies for his claim about the conditions of his holding cell. I will reserve a ruling on Trepania's claims about the use of a restraint chair. Trepania says he was denied access to jail grievance forms, which made it impossible for him to file a grievance about the restraint chair on time. I will give the parties a short time to supplement the record with evidence about whether the grievance procedure was available to Trepania.

ANALYSIS

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust administrative remedies established by state law before filing a lawsuit regarding prison conditions based on federal law. 42 U.S.C. § 1997e(a); *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018). To comply with § 1997e(a), a prisoner must follow every step of the administrative process, which includes filing grievances pursuant to the prison's administrative rules. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). A grievance does not need to be excessively detailed, but it must contain allegations specific enough to put the prison on notice of the harm being alleged. *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Defendants bear the burden of establishing that Trepania failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Under the Sawyer County Jail Rules, grievances must be submitted to the on-duty jailer within 48 hours of the incident being grieved. Dkt. 74-1, at 5. Inmates can appeal their grievances: first to the Jail Sergeant and second to the Jail Administrator. Inmates must submit their appeal within 48 hours of receiving a response. *Id*.

Trepania is proceeding on claims related to three distinct incidents of mistreatment: the denial of his seizure medication, the use of a restraint chair, and the conditions of his holding cell. I will discuss Trepania's grievances related to each of these incidents in turn.

## A. Denial of Medication

I gave Trepania leave to proceed on a constitutional claim and state-law intentional infliction of emotional distress and negligence claims against Sajdera, Nelson, and Thompson for refusing Trepania's medication requests. Dkt. 48, at 4–5. Trepania alleges that he was

2

denied medication for his seizures between March 23 and 26, when he was given Keppra. Trepania did not file a grievance that mentioned the denial of medication until April 1, past the 48-hour window allowed by the jail rules. But on April 7, Trepania submitted another grievance asking why he had not been given his medication. Dkt. 70-11. His grievance was not rejected as untimely. Instead, Nurse Nelson responded to the grievance, writing that Trepania's medications were brought to the jail on the 26th and administered that evening. An untimely grievance may serve to exhaust one's remedies if "the institution treats the filing as timely and resolves it on the merits." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). This is because if the institution resolves the grievance on the merits, "the grievance has served its function of inviting prison administrators to take corrective action, and thus the administrative exhaustion requirement has been satisfied." *Id*. Nelson engaged with the merits of Trepania's April 7 grievance, so its untimeliness does not doom Trepania's claim.

However, Trepania did not appeal this grievance to the jail sergeant. It appears that Trepania attempted to forward it to Lt. Sajdera, the jail administrator, but Trepania needed appeal to the jail sergeant first. Because Trepania did not follow every step in the grievance process, he failed to exhaust his administrative remedies for his federal claim related to the denial of his medication.

The PLRA's exhaustion requirement applies only to claims brought under federal law. *See* 42 U.S.C. § 1997e. So Trepania's failure to exhaust his remedies does not bar his state-law negligence and intentional infliction of emotional distress claims for defendants' refusal to give Trepania his seizure medication. But I will decline to exercise supplemental jurisdiction over those claims. District courts have broad discretion in determining whether to exercise supplemental jurisdiction over state-law claims. *Van Harken v. City of Chi.,* 103 F.3d 1346,

1354 (7th Cir. 1997). A district court may decline to exercise supplemental jurisdiction over a state-law claim if "it has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Although I have not dismissed *all* federal claims from this suit, "actual dismissal of all federal claims is not required for a district court to exercise the discretion afforded it regarding supplemental jurisdiction." *Dargis v. Sheahan*, 526 F.3d 981, 991 (7th Cir. 2008). Instead, I must consider whether the exercise of supplemental jurisdiction is in the interest of fairness and judicial economy. *See Id.*

Because there is no longer a federal claim based on the denial of medication, keeping the related state-law claims in this court would unnecessarily lengthen and complicate any trial in this case; no other claim relies on evidence about Trepania's medical history or the applicable standard of care. So I will dismiss Trepania's negligence and intentional infliction of emotional distress claims without prejudice.

## B. Restraint chair

I gave Trepania leave to proceed on two claims related to the use of a restraint chair. The first is a First Amendment retaliation claim against defendants Sajdera, Nelson, and Thompson for placing him in the chair after he asked for medication. The second is a constitutional claim against defendant Thompson for using unnecessarily tight restraints. Trepania failed to grieve any claims related to the restraint chair. The incident took place on March 23 or 24,[1] and Trepania did not mention the incident in any grievance until April 17. And even then, Trepania only mentions the restraint chair in passing, to identify the date he

---

[1] There is a dispute about whether Trepania was placed in a restraining chair on March 23 or 24. Because it is undisputed that Trepania did not mention the chair in any grievance until April 17, the timing dispute is immaterial.

was placed in "max." Dkt. 70-13. He doesn't say anything about the alleged retaliation or that the restraints were too tight. His mention of a restraint chair wasn't enough to put administrators on notice of the harms that form the basis of his current claims. *See Strong*, 297 F.3d at 650.

Trepania argues that this failure should be excused because he was not able to file any grievances when he was in segregation between March 23 and March 31. In his proposed findings of fact, Trepania says that he was denied writing materials and grievance forms in segregation, Dkt. 86, ¶ 5, and he alleges that defendants "intentionally prevented" him from filing grievances until April 1. *Id.* at ¶ 8. If that's true, it would have been impossible for Trepania to file timely grievances related to the use of a restraint chair on March 23 or his medication requests through March 26. And if it was impossible for Trepania to file a grievance that complied with prison rules, his failure to exhaust would be excused. See *White v. Bukowski*, 800 F.3d 392, 396–97 (7th Cir. 2015).

However, Trepania's allegations are not supported by any admissible evidence, not even his own affidavit or declaration. In his response to the county defendants' proposed findings of fact, Trepania cites "Trepania Decl." for the proposition that he was prevented from filing a grievance. Dkt. 88, ¶ 21. But the declaration Trepania submitted with his brief and proposed findings of fact does not mention anything about his inability to file a grievance. *See* Dkt. 87. Trepania filed an earlier declaration in this case, Dkt. 55, but it does not mention anything about difficulty filing a grievance or access to writing materials either. Defendants have adduced evidence that the grievance procedure was available to Trepania throughout his time in segregation. Dkt. 92, ¶ 22; Dkt. 74, ¶ 10. And they showed that Trepania was able to successfully fill out a "property release form" during his stay in segregation on March 27. Dkt.

95-2. This shows that Trepania had access to writing materials at some point during his stay in segregation.

If Trepania's assertion that he was not given a grievance form were supported by evidence, it could be enough to raise a genuine dispute about whether the procedure was available to him. Trepania did not state that any of his proposed facts were true "under penalty of perjury," so I can't consider them as evidence at summary judgment. *See* Federal Rule of Civil Procedure 56(c)(4); 28 U.S.C. § 1746. But because Trepania appears pro se, I am hesitant to grant summary judgment just because he asserted his facts in an unsworn pleading. I will give Trepania a short time to submit admissible evidence to support his allegation that he was denied access to the grievance procedure until April 1. I will also give defendants an opportunity to submit additional evidence on the issue of whether Trepania had access to grievance forms and writing utensils before April 1. If Trepania's submissions raise a genuine dispute of material fact, I will hold a hearing to resolve the dispute. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

## C.  Conditions of his holding cell

I gave Trepania leave to proceed on a constitutional claim and state-law intentional infliction of emotional distress and negligence claims against defendant Woller for placing Trepania in a holding cell without running water. Trepania's claims concern the conditions of his confinement: namely, that he could not wash his hands and that he had to use a hole in the floor for a toilet. He was not given leave to proceed on a claim resulting from the mere fact that he was placed in segregation. Dkt. 9, at 4.

Trepania did not file a timely grievance related to the conditions of the holding cell. Trepania was released from segregation on March 31.[2] Trepania did file a grievance on April 1, and he complained that he had been "locked down" for a week with no time out of segregation. But he did not mention the conditions of the holding cell. Trepania didn't mention anything related to the conditions of his cell until April 7, when he said that he was unable to shower or wash his hands.

However, I conclude that Trepania exhausted his administrative remedies through a grievance filed on April 16. In that grievance, Trepania complained that he had been given "no explanation" for why he had been held in "inhumane conditions," and had been unable to wash his hands or use the toilet. Although the record is not clear about how Trepania's April 16 grievance was processed, it ultimately ended up in front of Lt. Sajdera, the jail administrator. Dkt. 70-12. And Lt. Sajdera did not reject Trepania's grievance as untimely. Instead, he wrote that Trepania's "classification and housing was based on [Trepania's] behavior." Although Sajdera does not specifically respond to Trepania's claims about the conditions of the holding cell, Sajdera does engage with the merits of Trepania's complaint. Trepania wanted to know why he had been held in a cell with bad conditions, and Sajdera gave him an answer. The grievance "served its function of inviting prison administrators to take corrective action." *Conyers*, 416 F.3d at 584.

Trepania received a response from the final arbiter of the grievance system, Lt. Sajdera. There was no one for Trepania to appeal to. And although Trepania skipped some steps along

---

[2] It's not clear from the record whether Trepania left the cell on March 30 or 31. Trepania uses both dates in different grievances and no party submitted a proposed finding of fact on the issue. I will assume he was released on March 31.

the way, Sajdera did not reject Trepania's claim as improperly filed. If Sajdera meant to reject Trepania's complaints as either untimely or procedurally deficient, he should have said so; "a procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming." *Id*.

CONCLUSION

Trepania failed to exhaust his constitutional claim for denying his medication requests. I will dismiss that claim and the related state-law negligence and intentional infliction of emotional distress claims from the case. Trepania also exhausted his conditions-of-confinement claim, so he may proceed on his constitutional claim and state-law claims against defendant Woller. I reserve a ruling on the claims related to use of a restraint chair.

ORDER

IT IS ORDERED that:

1. The motion for summary judgment by defendant Robin Nelson, Dkt. 67, is GRANTED in part. The motion for summary judgment by defendants Joseph Sajdera, Joshua Thompson, and Michael Woller, Dkt. 72, is GRANTED in part and DENIED in part. Summary judgment is awarded to defendants Sajdera, Thompson, and Nelson on Trepania's constitutional claim related to the denial of Trepania's medication request. Summary judgment is denied for Trepania's claims against defendant Woller related to the conditions of Trepania's holding cell. The court reserves a ruling on the remaining claims.

2. The parties may have until February 2, 2022, to submit admissible evidence about whether Trepania had access to writing utensils and grievance forms between March 23 and 31.

Entered January 20, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge