IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRENT TYLER TREPANIA,

                      Plaintiff,

v.                                                                          OPINION and ORDER

ROBIN NELSON, LT. JOSEPH SAJDERA,                      20-cv-854-jdp
JOSHUA THOMPSON, and MICHAEL WOLLER,

                      Defendants.

---

Pro se plaintiff Trent Tyler Trepania is proceeding on constitutional and state-law claims relating to alleged mistreatment he received at Sawyer County Jail in March 2019. He alleges that prison officials refused his requests for medication, placed him into a restraint chair, and then placed him in a holding cell without running water.

Three matters are before the court. The first is an unresolved issue from the defendants' motions for summary judgment for failure to exhaust administrative remedies. Second, all defendants move under Federal Rule of Civil Procedure 41(b) to dismiss the case for Trepania's failure to prosecute it. Dkt. 107; Dkt. 113. Third, defendants Sajdera, Thompson, and Woller move to extend pretrial deadlines and reset the trial. Dkt. 121.

In a previous order, I withheld a ruling on whether to grant defendants summary judgment on Trepania's claims related to the use of a restraint chair. Dkt. 117. In his pleadings, Trepania said that he was unable to file a timely grievance because he had been denied access to writing materials and grievance forms when he was held in segregation. *See* Dkt. 88, ¶ 21. But he didn't support that claim with any admissible evidence, not even his own declaration

or affidavit. I gave Trepania until February 2, 2022, to submit admissible evidence about whether the grievance procedures were available to him.

That deadline has passed, and Trepania has not submitted any additional evidence. I now conclude that Trepania's unsupported assertion that he was prevented from exhausting his administrative remedies fails to raise a genuine dispute about a material issue of fact. Without evidence to support his position, he provides no basis for me to deny defendants' well-supported motion. *See Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011). I will grant summary judgment to defendants on Trepania's claims related to the use of a restraint chair, and defendants Sajdera, Nelson, and Thompson will be dismissed from the case.

The only remaining claims are related to the conditions of Trepania's holding cell, all against defendant Mike Woller. Defendants move to dismiss that claim because Trepania has not responded to their discovery requests, despite being ordered by this court to do so in November 2021. *See* Dkt. 107. In the alternative, defendants ask the court to order Trepania to respond to their discovery requests and inform Trepania that his case will be dismissed if he does not comply. *Id*.

Trepania was given three weeks to respond to defendants' motion to dismiss, and he did not file any response with the court. Normally, a plaintiff's failure to respond to a defendant's motion to dismiss would be grounds for granting the motion. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). But dismissal with prejudice pursuant to Rule 41(b) for failure to prosecute is a harsh penalty that is appropriate only in extreme circumstances. *See Palmer v. City of Decatur*, 814 F.2d 426, 428 (7th Cir. 1987). The Seventh Circuit has suggested several factors that are relevant to deciding a motion under rule 41(b), including "the frequency and magnitude of the plaintiff's failure to comply with court deadlines, the effect of these

failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." *Williams v. Chicago Bd. Of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998).

On the materials before the court, I cannot determine whether Trepania is likely to succeed on the merits of his remaining claims against Woller. But the other factors all suggest that dismissal with prejudice is appropriate. Trepania has not taken action to advance this case in several months. His lack of participation in discovery has prevented defendants from preparing a full and adequate defense and has already required the court to extend the deadline for dispositive motions. *See* Dkt. 111.

However, I will offer Trepania one last opportunity to respond to defendants' discovery requests before I dismiss his remaining claim. Plaintiffs should be warned that they risk having their case dismissed before the court orders that sanction. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006). A defendant's motion to dismiss for failure to prosecute can provide that warning. *See id.* at 666. But district courts are themselves encouraged to warn plaintiffs that their case may be dismissed, especially if they appear pro se. *See McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012). I will now give Trepania explicit warning. Trepania must respond to defendants' outstanding discovery requests, in full and without objection, by the deadline below. If he does not do so, I will dismiss his remaining claims with prejudice.

Defendants also move to extend pretrial deadlines and reset the August 15, 2022, trial date because they have been unable to prepare their submissions without Trepania's discovery responses. Dkt. 121. I will grant the motion.

ORDER

IT IS ORDERED that:

1. The motions for summary judgment by defendant Robin Nelson, Dkt. 67, and the motion for summary judgment by defendants Joseph Sajdera, Joshua Thompson, and Michael Woller, Dkt. 72, are GRANTED in part. Summary judgment is granted to defendants Sajdera, Thompson, and Nelson on Trepania's claims related to the use of a restraint chair.

2. Defendants Sajdera, Thompson, and Nelson are DISMISSED from the case.

3. Defendant Nelson's motion to dismiss, Dkt. 113, is DENIED as moot.

4. The county defendants' motion to dismiss for failure to prosecute, or, alternatively, to compel discovery responses, Dkt. 107, is GRANTED. Trepania may have until February 24, 2022, to respond to defendants' outstanding discovery requests in full.

5. The county defendants' motion to extend deadlines and reset the trial date, Dkt. 121, is GRANTED. All pretrial deadlines are extended by 60 days and the trial date is STRUCK. The court will reschedule the trial, if necessary, after ruling on any motions for summary judgment.

Entered February 10, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge